**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>C-SQUARED PHARMA LIMITED D/B/A C2 PHARMA,<br><br>Defendant. | Adv. Proc. No. 25-50124 (KBO)<br><br>**Re: Adv. D.I. 1, 9** |

**MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF SCHEDULING ORDER**

George L. Miller, solely in his capacity as Chapter 7 Trustee for the estates of the above-captioned Debtors and as plaintiff in the above-captioned adversary proceeding ("Plaintiff"), hereby moves for entry of a scheduling order setting forth deadlines and procedures for the above-captioned adversary proceeding against defendant ("Defendant"). In support of the same, Plaintiff states as follows:

**BACKGROUND**

1. On February 10, 2025, Plaintiff filed the Complaint. Upon information and belief, Defendant is an Ireland-based entity. Accordingly, Plaintiff was obligated to effectuate service of

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, are Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123); and Akorn Operating Company LLC (6184). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

the Complaint via the Hague Service Convention.

2. On January 27, 2026, Plaintiff effectuated service of the Complaint and related summons in accordance with the laws of Ireland under Article 5 of the Hague Service Convention.[2]

3. On June 9, 2025, the Court entered the *Order Establishing Streamlined Procedures Governing Adversary Proceedings with Total Amount in Controversy Greater Than $75,000.00 Brought by Plaintiff Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code* [D.I. 1408] (the "Procedures Order") in the main bankruptcy case, setting forth deadlines and procedures for a large number of preference cases against domestic defendants. The Procedures Order does not apply directly to Defendant, as a foreign party. Instead, the Federal Rules require that the Court establish a response deadline for foreign defendants.

4. Following service of the Complaint, Defendant's counsel, Sean J. Bellew, Esq., contacted Plaintiff by phone and email on June 9 and 10, 2026, and advised that he would be representing Defendant in this matter. Following repeated efforts, Plaintiff obtained Mr. Bellew's formal assent to submit an agreed order establishing July 10, 2026 as his response deadline. The order was filed and entered that same day. *See* Adv. D.I. 8, 9.

5. Defendant filed its answer on July 22, 2026, nearly two weeks after the deadline.

6. Following the filing of the answer, Plaintiff's counsel has repeatedly attempted to set a consensual schedule based upon the timeline and procedures in the Procedures Order. To that end, Plaintiff prepared and shared with Defendant's counsel a proposed scheduling order substantially in the form attached as **Exhibit A** (the "Proposed Order").

---

[2] Plaintiff submits that, to prove service consistent with the Hague Service Convention, Plaintiff would generally file certificates generated by the applicable Irish authorities. While that certificate was received shortly before the filing of this Motion, counsel for Defendant has already acknowledged that service was validly made and has filed his answer accordingly.

7. Despite contacting Defendant's counsel on July 27, August 19 and 27, and September 3, Defendant's counsel has not responded in any way whatsoever.

8. Defendant's lack of cooperation in setting a mutually-agreeable schedule has necessitated this motion, by which Plaintiff seeks to set the future deadlines and processes to govern this case.

## RELIEF REQUESTED

9. Federal Rules of Civil Procedure 16(a) (the "Federal Rules"), as made applicable by Bankruptcy Rule 7016, authorizes courts to enter orders for purposes such as:

> (1) expediting disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation; and
>
> (5) facilitating settlement.

Fed. R. Civ. P. 16(a)(1)–(5).

10. In addition, Federal Rule 16(b) affords courts significant flexibility in case management and scheduling. Specifically, Federal Rule 16(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case. Federal Rule 16(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

11. Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the Court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court

to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. This Court has already entered the Procedures Order, establishing substantially-similar procedures, to cover avoidance adversary proceedings against domestic defendants. The proposed order, attached as Exhibit A hereto, tracks the provisions of the Procedures Order, with minor modifications due to the fact that an answer has already been filed in this matter.

13. Plaintiff submits that the procedures in the Proposed Order, which follow the structure of the already-approved Procedures Order, are necessary and appropriate to establish an efficient process for adjudication of this case.

WHEREFORE, Plaintiff respectfully requests that the Court enter the Proposed Order at its earliest convenience.

Dated: September 4, 2026
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Evan T. Miller*

Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: evan.miller@saul.com
paige.topper@saul.com

*Counsel for Plaintiff*